UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARIA MICHALIDOU | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:23-cv-00352-JAW |
| v. | ) |
| | ) |
| | ) |
| EASTERN MAINE MEDICAL CENTER, et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |

**TAXATION OF COSTS**

After Final Judgment (ECF No. 79) entered on October 28, 2025, Defendants filed their Bill of Costs (ECF No. 80), which seeks costs totaling $3,465.49. Plaintiff filed her Opposition (ECF No. 81) to this Bill arguing it is untimely and that Defendants were not in fact the prevailing party. For reasons briefly explained herein, the Clerk determines these arguments are without merit and Defendant is entitled to their claimed costs.

On the question of timeliness, Defendants filed their Bill of Costs on December 17, 2025. This filing was within 30 days of expiration of the time for filing an appeal of the Final Judgment (ECF No. 79). *See* Fed. R. App. P. 4(1)(A) (requiring a notice of appeal to be filed "within 30 days of entry of judgment") & D. Me. L. R. 54.3(b)(1) ("If a timely appeal is not filed, a bill of costs must be filed within 30 days of the expiration of the time for filing an appeal.") To the extent that Plaintiff asserts that the time for filing the bill of costs began to run upon entry of the Court's entry of the Order on Motion for Summary Judgment (ECF No. 75), this fails to account for

the requirement that judgment enter as a separate document to begin the 30-day clock for a civil case appeal.[1] *See* Fed. R. Civ. P 58(a) & Fed. R. App. P. 4(a)(7). In short, the Clerk finds the Bill of Costs was timely filed based on the date of the operative Final Judgment.

Plaintiff next asserts that Defendants are not a prevailing party. Rather, in light of Defendants' voluntary dismissal of a counterclaim, Plaintiff claims the resolution of this case is analogous to *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372 (11th Cir. 2022). In *Royal Palm, a* trademark infringement case, the Eleventh Circuit held that the case had resolved in a "tie," such that there was no prevailing party under Federal Rule of Civil Procedure 54. *Id.* at 1382. Here, there is no tie. Rather, the Court initially dismissed a breach of contract claim against a single individual defendant. *See generally Michailidou v. E. Maine Med. Ctr.*, No. 1:23-CV-00352-JAW, 2024 WL 3553263 (D. Me. July 26, 2024). Then, the Court granted summary judgment in favor of Defendants on all of Plaintiff's remaining claims. *See Michailidou v. E. Maine Med. Ctr.*, No. 1:23-CV-00352-JAW, 2025 WL 2821371, at *54 (D. Me. Oct. 3, 2025). These substantive rulings on the merits makes Defendants the prevailing party. *See, e.g., Hoeller v. Eaton Corp.*, 149 F.3d 621, 626 (7th Cir. 1998) (affirming that employer defendant who was granted summary judgment was the prevailing party). The subsequent voluntary dismissal

---

[1] An initial judgment entered on this case on October 6, 2025. *See* ECF No. 76. This judgment was thereafter vacated on October 28, 2026, as part of the Court's resolution of the Consent Motion to Dismiss Counterclaim (ECF No. 77), resulting in the entry of an amended Final Judgment, dated October 28, 2025. This judgment accounts for the unopposed voluntary dismissal of Defendants' counterclaim.

without prejudice of Defendant's counterclaim—with Plaintiff's consent, does not change the prevailing party determination. *See, e.g.,* 10 CHARLES ALAN WRIGHT, ARTHUR MILLER & MARY KAY KANE, FED. PRAC. & PROC. CIV. § 2667 (4th ed.) (collecting cases finding that a dismissal of a claim without prejudice does not make the beneficiary of that dismissal a "prevailing party" because they remain potentially subject to liability).

Turning to the amount of Defendants' request, the Clerk, having made an independent review of the supporting documentation, concludes that Defendants claim costs for fees of the clerk and fees for transcripts necessarily obtained for use in the case, which are allowable under 28 U.S.C. § 1920. Therefore, the Clerk of Court hereby taxes the claimed costs in favor of Defendants in the amount of three thousand four hundred sixty-five and forty-nine cents ($3,465.49).

/s/ Jennifer P. Lyons  
Clerk, U.S. District Court

Dated this 27th day of February, 2026.